**Giuliano McDonnell & Perrone, LLP**
**Joseph J. Perrone, Esq.**
**Ari S. Gatoff, Esq.**
**5 Penn Plaza, 23rd Floor**
**New York, New York 10001**
**Telephone: (646) 328-0120**
*Attorneys for Plaintiff*
*ALL-WAYS FORWARDING INT'L, INC.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALL-WAYS FORWARDING INT'L, INC.,<br><br>Plaintiff,<br><br>- against -<br><br>M/V EVER LIBERAL *in rem*, EVERGREEN MARINE CORP. (TAIWAN) LTD., EVERGREEN MARINE CORP. (TAIWAN) LTD. d/b/a EVERGREEN LINE, and MASTER INTERNATIONAL LOGISTICS (CHINA) CO. LTD.,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT** |

Plaintiff ALL-WAYS FORWARDING INT'L, INC. ("ALL-WAYS") by and through its attorneys, Giuliano McDonnell & Perrone, LLP, as and for its complaint against defendants M/V EVER LIBERAL *in rem*, EVERGREEN MARINE CORP. (TAIWAN) LTD., and EVERGREEN MARINE CORP. (TAIWAN) LTD. d/b/a EVERGREEN LINE and MASTER INTERNATIONAL LOGISTICS (CHINA) CO. LTD. allege upon information and belief:

**JURISDICTION, THE PARTIES, AND VENUE**

1. This is a case of admiralty and maritime jurisdiction within the meaning of 28 U.S.C. §1333, Rules 9(h) and 14(c) of the Federal Rules of Civil Procedure, and Rule 5 of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2.	At all relevant times mentioned herein, Plaintiff ALL-WAYS was and still is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business at 701 Newark Avenue, Suite 300, Elizabeth, New Jersey, 07208, and was and is engaged in the business as a non-vessel operating carrier ("NVOCC").

3.	At all relevant times mentioned herein, the *in rem* Defendant, M/V EVER LIBERAL, was and is a commercial containership registered in the United Kingdom with IMO No. 9604160 and was engaged in transporting goods by sea for hire.

4.	At all relevant times mentioned herein, EVERGREEN MARINE CORP. (TAIWAN) LTD. ("EVERGREEN") was and is a foreign corporation registered in Taiwan with its principal place of business at Evergreen Marine Building, 166 Minsheng East Road, Sec2, Taipei, 104, Taiwan.

5.	At all relevant times mentioned herein, *in rem* Defendant M/V EVER LIBERAL (the "Vessel"), was and is a ship owned by EVERGREEN.

6.	At all relevant times mentioned herein, Defendant EVERGREEN MARINE CORP. (TAIWAN) LTD. d/b/a EVERGREEN LINE ("EVERGREEN LINE") was and is a foreign corporation registered in Taiwan with its principal place of business at Evergreen Marine Building, 166 Minsheng East Road, Sec2, Taipei, 104, Taiwan, and was and is engaged in the business as a vessel operating common carrier ("VOCC").

7.	EVERGREEN LINE has a United States subsidiary, EVERGREEN SHIPPING AGENCY (AMERICA) CORPORATION., with an office and principal place of business at One Evertrust Plaza, Jersey City, New Jersey, 07302.

8.	At all relevant times mentioned herein Defendant MASTER INTERNATIONAL LOGISTICS (CHINA) CO. LTD. ("MIL"), was and is a foreign company registered in Hong Kong

with its principal place of business at Room 1902, Jingling International, Bldg No. 85, Ouyang Road, Hongkou, Shanghai, China, and was and is engaged in the business as an intermediary non-vessel operating common carrier ("NVOCC"). As an intermediary NVOCC, MIL is liable to its customer, ALL-WAYS, in the same manner as the EVERGREEN LINE is liable to MIL.

9. Hereinafter, EVERGREEN, EVERGREEN LINE and MIL, collectively, are referred to as the "Carrier Defendants."

## FACTS

10. ALL-WAYS is a non-vessel operating common carrier that organizes shipments on behalf of its customer businesses for the purpose of arranging for the transportation of those goods from one location to another location, including from Asia to the United States.

11. ALL-WAYS acts as an intermediary in the transportation of goods and contracts with a vessel owning common carrier like EVERGREEN LINE and/or another NVOCC like MIL to physically move the goods upon the oceans and land-based transportation carriers for all other shipments movements.

12. ALL-WAYS contracted with EVERGREEN LINE, as VOCC, or in the alternative, MIL, as intermediary NVOCC to arrange for the actual transport of the shipments packed in the containers described in Schedule A aboard the Vessel.

13. On or about the dates and the ports of Shipments stated in Schedule A (the "Shipments"), each of the Shipments was tendered on board the M/V EVER LIBERAL.

14. On or about December 30, 2020, during the voyage across the Pacific Ocean towards the United States of America, the Vessel pitched, rolled or otherwise moved and the Shipments and containers described in Schedule A went overboard or were otherwise damaged.

E593

## FIRST CAUSE OF ACTION
### (Indemnification and/or Contribution)

15. ALL-WAYS reiterates, repeats, and realleges the foregoing paragraphs numbered 1 through 14, inclusive, with the same force and effect as if fully set forth herein.

16. On or about the dates stated in Schedule A, ALL-WAYS entered into one or more contracts with the Carrier Defendants pursuant to which the Carrier Defendants would properly and carefully load, stow, secure, and transport the Shipments from the ports of loading to the ports of discharge. In addition, the Carrier Defendants were to ensure that any carrier utilized on the ALL-WAYS Shipments was reputable and carried the requisite licensure and insurance.

17. ALL-WAYS' bill of ladings and service agreements with the Carrier Defendants constituted a valid and binding contract under the law.

18. If it is determined that ALL-WAYS' customer's Shipments were damaged and/or lost, which is denied, as and for ALL-WAYS' opposition to its customers claims only, and it is determined that ALL-WAYS is responsible for said losses and/or damages as NVOCC, these said losses and/or damages were due to the wrongful acts or omissions, including breach of contract, breach of express or implied warranty, etc., or other misconduct of one or more of the Carrier Defendants acting as VOCC and/or otherwise.

19. The alleged damage to or loss of the Shipments was not caused or contributed to by any act, omission, fault, or neglect on the part of ALL-WAYS, or its customers, its agents, servants, or employees or by that of its customer.

20. By reason of the alleged damage to or loss of the Shipments, ALL-WAYS and its customers have suffered damages and exposure to claims, including damage to or loss of Shipments.

E593

21.     If it is determined that ALL-WAYS is responsible for the alleged damage or loss of its customers Shipments and/or any other losses of any nature whatsoever, then, all of ALL-WAYS' damages and losses as aforesaid are directly attributable to and caused by the aforesaid wrongful acts and omissions or other misconduct of the Carrier Defendants and/or its agents acting on its behalf, including as NVOCC, without any fault of ALL-WAYS or its agents contributing thereto; and therefore, the Carrier Defendants should be held jointly and severally liable to ALL-WAYS for all liability, losses, and damages arising therefrom, including legal fees and disbursements incurred in defense of all claims.

22.     In the event that ALL-WAYS is nevertheless held liable to any party to this action, or to any other party to any other proceeding in the United States or abroad arising out of or relating to the damage to the Shipments, said liability being expressly denied by ALL-WAYS, then such liability derives in whole, or in part, from the aforesaid wrongful acts or omissions or other misconduct of the Carrier Defendants, or its officers, agents, servants, and employees and, therefore, ALL-WAYS should be granted full recovery over and against, and be indemnified by, or secure contribution from the Carrier Defendants for all sums so recovered against ALL-WAYS, including attorneys' fees, expenses, interest, and costs.

## SECOND CAUSE OF ACTION
### (Breach of Contract and of Duties under COGSA, 46 U.S.C. §30701)

23.     ALL-WAYS reiterates, repeats, and realleges the foregoing paragraphs numbered 1 through 22, inclusive, with the same force and effect as if fully set forth herein.

24.     The Carrier Defendants' duties included those of a vessel operating common carrier in accordance with the COGSA §4(5), Ch. 229, 49 Stat. 1207 (1936), reprinted in note following 46 U.S.C. § 30701.

E593

25. In consideration for specified fees and charges, the Carrier Defendants, who were aware of the nature of the Shipments, contracted to carry the Shipments from the place of receipt at the ports of loading to the place of delivery at the ports of discharge as stated in Schedule A, and to provide other transportation-related services including, but not limited to the receipt, loading, stowage, and containerization of the Shipments.

26. The Shipments were in good order and condition when it was tendered to the Carrier Defendants or entities acting on its behalf, at the ports of loading as stated in Schedule A.

27. As stated in Schedule A, the Carrier Defendants, or entities acting on its behalf, loaded and stowed the Shipments at or near the place of receipt at the ports of loading and clean bills of lading were issued.

28. At some time and location during the voyage across the Pacific Ocean to the United States, while the Shipments were aboard the Vessel, the Shipments were allegedly damaged and/or lost at sea.

29. The alleged aforesaid damage was caused by the Carrier Defendants' breaches of contract and duties under COGSA and the general maritime law as well as the Carrier Defendants' negligent failure to properly load, stow, carry, protect, store, care for, and deliver the Shipments and the unseaworthiness of the carrying vessel and container.

30. As a proximate result of the foregoing, ALL-WAYS, and those on whose behalf it brings suit, has sustained damages in the approximate amount of $65,000.00, no part of which has been paid although duly demanded.

31. Plaintiff sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

E593

## THIRD CAUSE OF ACTION
### (Breach of Warranties and Nondelegable Cargoworthiness Duties)

32. ALL-WAYS reiterates, repeats, and realleges the foregoing paragraphs numbered 1 through 31, inclusive, with the same force and effect as if fully set forth herein.

33. The carrying vessel was at all material times an ocean-going containership with fixed cell guides and was designed to carry Shipments in truck-size intermodal containers, including those requiring electric power for temperature control which serve as extensions of the holds of the vessel.

34. The Carrier Defendants' statutory duties, contractual obligations, and warranties under the general maritime law included the nondelegable duty to provide a seaworthy and cargoworthy ocean shipping container fit in every respect to carry the Shipments which the Carrier Defendants contracted to transport.

35. The Carrier Defendants, or subcontractor entities acting on their behalf, were at all material times responsible for the maintenance, upkeep, loading, and stowage of the Container on board the Vessel while the Container was in their custody and control.

36. The Carrier Defendants, or entities acting on their behalf, was also responsible for the pre-trip receipt, inspection, and preparation of the Container.

37. If it is determined that the Shipments was damaged during carriage, the damage is a result of the Carrier Defendants' failure.

38. The Carrier Defendants, or subcontractor entities acting on their behalf, were at all material times responsible for the maintenance, upkeep, loading, stowage, and operation of the Vessel while the Container was in their custody and control.

39. The Carrier Defendants, or entities acting on their behalf, was also responsible for the pre-trip receipt, inspection, and preparation of the Vessel for the ocean voyage.

E593

40. If it is determined that the Shipments was damaged during carriage onboard the Vessel, the damage is a result of the Carrier Defendants' failure in making the Vessel seaworthy prior to the voyage.

41. The alleged damage was caused in whole or in part by the mishandling by EVERGREEN LINE, or entities acting on its behalf, during the subject multimodal transportation.

42. Accordingly, the Carrier Defendants are liable to ALL-WAYS as a result of the breaches of their or its nondelegable duties and breaches of warranties with respect to the Shipments and the Container.

43. As proximate result of the foregoing, ALL-WAYS, and those on whose behalf it sues, has sustained damages in the approximate amount of $65,000, no part of which has been paid although duly demanded.

## FOURTH CAUSE OF ACTION
### (General Negligence)

44. ALL-WAYS reiterates, repeats, and realleges the foregoing paragraphs numbered 1 through 43, inclusive, with the same force and effect as if fully set forth herein.

45. The alleged damage to or loss of the Shipments was caused in whole, or in part, by the Carrier Defendants' failure to properly care for, communicate and carry out all relevant instructions concerning the transport of ALL-WAYS' Shipments to the actual carriers of the Shipments.

46. The alleged damage to the Shipments was due to the want of care, design, neglect, fault, privity, negligence, fault, lack of care, gross negligence, willful, wanton, and reckless misconduct of the Carrier Defendants. Said conduct includes, but is not limited to, handling of the Shipments, which caused and/or contributed to the alleged damage to or loss of the Shipments and the resulting damage to ALL-WAYS.

E593

47. If it is determined that the Shipments was damaged or lost, the resulting losses, damages, and expenses aforesaid were directly caused or attributable to the aforesaid failures of the Carrier Defendants and, therefore, the Carrier Defendants should be held liable to all parties who have made claims against ALL-WAYS in this litigation.

48. As proximate result of the foregoing, ALL-WAYS, and those on whose behalf it sues, has sustained damages in the approximate amount of $65,000.00, no part of which has been paid although duly demanded.

**FIFTH CAUSE OF ACTION**
**(Claim for Liability to Customers)**

49. ALL-WAYS reiterates, repeats, and realleges the foregoing paragraphs numbered 1 through 58, inclusive, with the same force and effect as if fully set forth herein.

50. As stated in Schedule A, the shippers, consignees, or owners of the Shipments shipped aboard the Vessel in their respective containers pursuant to the bills of lading.

51. As stated in Schedule A, ALL-WAYS was the NVOCC of the goods shipped aboard the Vessel in their respective containers pursuant to the bills of lading.

52. The Shipments was delivered by ALL-WAYS' customers and ALL-WAYS, as NVOCC, in actual good order and condition to EVERGREEN LINE.

53. At the time Carrier Defendants either made delivery of or should have made delivery of the Shipments to ALL-WAYS' customers, the Shipments were either not delivered or damaged.

54. As a result of Carrier Defendants' failure to redeliver ALL-WAYS' customer's Shipments in the same good order and condition as received by them, said Carrier Defendants are liable to ALL-WAYS' customers for their full losses in the approximate amount of $65,000.00.

E593

**WHEREFORE**, Plaintiff ALL-WAYS prays that:

    1.    Judgment be entered in favor of ALL-WAYS as against the Carrier Defendants, jointly and severally, on these claims and dismissing all claims whatsoever against ALL-WAYS;

    2.    The Carrier Defendants are found to be liable for indemnity to ALL-WAYS and for all such sums for which ALL-WAYS may be found liable as a result of any claims, including attorneys' fees, interest, costs, and disbursements;

    3.    Judgment be entered in favor of ALL-WAYS as against the Carrier Defendants for contribution toward any losses or damages suffered by ALL-WAYS as a result of any claims recovered against ALL-WAYS, including legal fees and disbursements incurred in defense of claims;

    4.    Judgment be entered in ALL-WAYS' favor as against the Carrier Defendants in the approximate sum of $65,000.00, together for the loss of ALL-WAYS' customers' Shipments, plus interest and costs; and

    5.    Judgment be entered in favor of ALL-WAYS for such other and further relief as this Court deems just and proper.

Dated:   December 27, 2021
            New York, New York

                                      GIULIANO MCDONNELL & PERRONE, LLP
                                      *Attorneys for Plaintiff*
                                      *ALL-WAYS FORWARDING INT'L, INC.*

                                        By:
                                        Joseph J. Perrone, Esq.
                                        Ari S. Gatoff, Esq.

E593

        5 Penn Plaza, 23rd Floor
        New York, New York 10001
        Telephone:  (646) 328-0120
        Facsimile:  (646) 328-0121
        Email:  jperrone@gmplawfirm.com
        Email:  agatoff@gmplawfirm.com

TO:    All Counsel of Record, via the Court's CM/ECF system.

## SCHEDULE A

## EVERGREEN MARINE CORP. (TAIWAN) LTD. d/b/a EVERGREEN LINE

Schedule A consists of ALL-WAYS' claims on behalf of its customers against VOCC EVERGREEN MARINE CORP. (TAIWAN) LTD. d/b/a EVERGREEN LINE.

### Claim A1

| | |
|---|---|
| Shipper: | NINGBO ENLLY TRADE LIMITED |
| Shipper Address: | Ningbo, China |
| Customer: | CENTURY SOURCING GROUP INC. |
| Customer Address: | New York, New York, USA |
| Consignee: | CENTURY SOURCING GROUP INC. |
| Consignee Address: | New York, New York, USA |
| Description of Goods: | 480 Cartons of Trolley Cases |
| Container Status: | Overboard |
| Port of Loading: | Shanghai, China |
| Port of Discharge: | Long Beach, USA |
| Amount of Loss: | $65,000 (estimated) |
| EVERGREEN Bill of Lading: | EGLV142100875655 |
| MASTER LOGISTICS Bill Lading: | SH20120906 |
| ALL-WAYS' Bill of Lading: | HES20120127 |
| Container No.: | DRYU9876635/EGHU9228611 |
| Bills of Lading Dates: | December 23, 2020 |